UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICHARD DEVORE,                                            Plaintiff,

v.                                            Civil Action No. 3:21-cv-478-DJH

UNITED PARCEL SERVICE CO. (AIR),                              Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Richard DeVore filed this employment-discrimination action in Jefferson Circuit Court, and Defendant United Parcel Service Co. (UPS) removed it to this Court on the basis of diversity jurisdiction.[1]  (Docket No. 1-1; D.N. 1)  DeVore moves to remand, arguing that UPS is a Kentucky citizen and that diversity is therefore lacking.  (D.N. 6)  Meanwhile, UPS moves to dismiss on the ground that DeVore has engaged in impermissible claim-splitting.  (D.N. 5)  For the reasons explained below, the Court will deny the motion to remand and grant the motion to dismiss.

**I.**

      As the party invoking the Court's diversity jurisdiction, UPS bears the burden of establishing diversity by a preponderance of the evidence.  *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)).  For diversity and removal purposes, UPS is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Its "principal

---

[1] UPS is named in the complaint as United Parcel Service Co. (Air); however, it states in its motion to dismiss that "(Air)" is not part of the company's name.  (D.N. 5, PageID # 36)

1

place of business" is the corporation's "nerve center"—i.e., where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92-93.

It is undisputed that UPS is a Delaware corporation. (D.N. 1, PageID # 4; D.N. 1-1, PageID # 9) DeVore, however, asserts that UPS has its principal place of business in Kentucky (D.N. 6-1), while UPS maintains that its "nerve center" is in Atlanta, Georgia. (D.N. 8) Because DeVore is a Kentucky citizen, the existence of diversity depends on the location from which UPS's "officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92-93.

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* at 96-97 (citations omitted). In response to DeVore's motion to remand, UPS provides the sworn declaration of its Chief Financial Officer, Joseph Mozzali. (D.N. 8-1) Mozzali states that all of UPS's current officers are located in Atlanta, Georgia; that "UPS is part of a single integrated transportation network that is controlled, directed, and coordinated from UPS, Inc.'s global headquarters in Atlanta"; that corporate officers located in Atlanta "exercise ultimate authority over UPS' activities and operations worldwide, including those in Kentucky, and direct and control UPS' corporate policies"; that "[m]aterial decisions related to UPS' corporate policies, management, or operations must be reviewed and approved by corporate officers of UPS, Inc." who are located in Atlanta; and that "nearly all of UPS' business department heads report directly to managers of UPS, Inc. located in Atlanta, Georgia," with the result that decisions pertaining to "human resources, corporate security, labor, industrial engineering, automotive, plant engineering, and transportation . . . . are directly reviewed and approved by UPS, Inc. managers located in Atlanta, Georgia." (*Id.*, PageID # 106-07) DeVore, on the other hand, points to a single case in which UPS alleged that it was a Kentucky citizen for

diversity purposes (D.N. 6-1, PageID # 68)—an allegation that UPS characterizes as "outdated" and "incorrect" (D.N. 8, PageID # 103)—and UPS's June 2021 annual report filed with the Kentucky Secretary of State, which lists a Kentucky address as the company's "principal office." (D.N. 6-2) But the Supreme Court has expressly disapproved the use of this type of filing alone to demonstrate a corporation's principal place of business. *See Hertz Corp.*, 559 U.S. at 97 (rejecting petitioner's suggestion "that the mere filing of a form like the Securities and Exchange Commission's Form 10-K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center'"). And the Court accepts the representation of UPS's current counsel that the prior jurisdictional allegation cited by DeVore, which was made in a single case by lawyers at a different firm (*see* D.N. 6-3), was erroneous.

Based on the proof submitted, the Court finds that UPS has adequately established that its "place of actual direction, control, and coordination" is Atlanta, Georgia. *Hertz Corp.*, 559 U.S. at 97. UPS's "nerve center," or principal place of business, is therefore in Georgia as opposed to Kentucky, and thus the parties are diverse. *See id.* at 92-93; *see also Pegasus Indus. v. Martinrea Heavy Stampings, Inc.*, No. 3:16-cv-00024-GFVT, 2016 U.S. Dist. LEXIS 69743, at *5-*8 (E.D. Ky. May 27, 2016) (finding principal place of business in Kentucky under similar facts). Accordingly, the Court will deny DeVore's motion to remand and proceed to consider UPS's motion to dismiss.

## II.

"Plaintiffs 'must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora.'" *Church Joint Venture, L.P. v. Blasingame*, 817 F. App'x 142, 146 (6th Cir. 2020) (quoting *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004)). "The prohibition against claim splitting requires the plaintiff to present all material

relevant to a claim in the first action and permits the district court to dismiss a second action grounded in that same set of facts." *Id.* (citing Restatement (Second) of Judgments § 25 (1982)). In this action, DeVore alleges sex discrimination arising out of UPS's termination of his employment. (D.N. 1-1) In another case against UPS currently pending in this Court, Devore asserts a claim of FMLA retaliation. *See DeVore v. United Parcel Serv. Co.*, No. 3:19-cv-731-CRS, ECF No. 1 (W.D. Ky. Oct. 10, 2019). Both cases arise out of DeVore's termination on May 25, 2018; the facts set out in the two complaints largely overlap. (*Compare id. with* D.N. 1-1) DeVore filed no response to UPS's motion to dismiss and thus does not dispute that he could have—and should have—asserted his sex-discrimination claim in the existing lawsuit.[2] *See Church Joint Venture*, 817 F. App'x at 146; *see also Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 843 (11th Cir. 2017) (affirming district court's dismissal with prejudice of second lawsuit, filed in state court and removed to federal court, for claim-splitting where claims asserted in the two cases "ar[o]se out of the same transactional nucleus of facts"). The Court will therefore grant the motion to dismiss.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

---

[2] DeVore briefly addresses the motion to dismiss in the memorandum supporting his motion to remand, asserting that the Court "lacks jurisdiction to decide" UPS's motion (D.N. 6-1, PageID # 67), which he describes as "premature" and "irrelevant" in light of the purported lack of diversity. (*Id.*, PageID # 69) He also states that he decided to file the sex-discrimination suit upon learning in the FMLA action "that [his] employer was a Kentucky citizen." (*Id.*, PageID # 69) As explained above, however, UPS has demonstrated that it is a citizen of Georgia, not Kentucky. Moreover, DeVore acknowledges that he "could have asked for supplemental jurisdiction under 28 U.S.C. § 1367" in the related case but "did not." (*Id.*, PageID # 68)

**ORDERED** as follows:

(1) DeVore's motion to remand (D.N. 6) is **DENIED**.

(2) UPS's motion to dismiss (D.N. 5) is **GRANTED**. This matter is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

February 18, 2022

David J. Hale, Judge
United States District Court